J-S42008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM R. AINSWORTH, | |
| Appellant | No. 824 WDA 2015 |

Appeal from the PCRA Order April 20, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000474-2012, CP-10-CR-0001802-2011

BEFORE:  SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 26, 2016**

Appellant, William R. Ainsworth, appeals *pro se* from the April 20, 2015 order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

Pursuant to a negotiated plea, Appellant pled guilty on November 20, 2012, to one count of involuntary deviate sexual intercourse, forty-eight counts of sexual abuse of children, twelve counts of criminal solicitation, three counts of criminal attempt (unlawful contact), eight counts of unlawful contact with a minor, and nine counts of criminal use of communication

_____

[*]  Former Justice specially assigned to the Superior Court.

facility.[1]  N.T. (Plea), 11/20/12, at 3, 8–9.  In exchange for the plea, the Commonwealth agreed to recommend an aggregate sentence of not less than fourteen years to not more than twenty-eight years of imprisonment, followed by a period of sixteen years of probation.  *Id*. at 3–4.  The trial court agreed to the Commonwealth's recommended sentence and sentenced Appellant accordingly.  N.T. (Sentencing), 4/29/13, at 21–25.  Appellant did not file a post-sentence motion or a direct appeal.

Appellant filed a timely *pro se* PCRA petition on April 30, 2014, alleging ineffective assistance of trial counsel.  The PCRA court appointed counsel, who filed a petition to withdraw and a ***Turner*/*Finley***[2] no-merit letter.  The PCRA court, noting that it conducted an independent review of the record, granted counsel's motion to withdraw on March 27, 2015, and denied Appellant's PCRA petition on April 20, 2015.  Appellant filed a timely notice of appeal.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In his Rule 1925(b) statement, Appellant raised the following four issues, which we set forth *verbatim*:

> a. Judge McCune erred when he failed to hold a Evidentiary Hearing to explore the fact that, Defendant never signed a copy of the plea agreement, and that he was never given the

---

[1]  Pursuant to Pa.R.Crim.P. 582(B)(1), on March 16, 2012, the Commonwealth gave notice of joinder of the separate informations in the companion cases charging Appellant with the instant crimes.

[2]  ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

opportunity to call anyone to speak on his behalf at the sentencing proceedings, since he received absoutely no notice of the day he would be sentennced and as to why five months went by between the time defendant plead guilty until he was sentenced.

b. Defednant never had the opportunity to review all of his discovery, since when he did review a small portion of it, the Assistant Attorney Genreal and two Sheriff personal were in the same room, which ensured no private conversation with his attorney, Attorney Schults.

c. Defendant sent PCRA counsel, Attorney Harris, a letter explaining he never spoke to his Attorney Schults in private concerning discovery, statements, etc., that he did not understand his sentence, since he did not make a knowing and intellegent plea of guilt, due to the bad advice, Attorney Schultz, gave him to plead guilty; and that his statments were given to him without issueing him warnings pursuant to <u>Miranda v. Arizona</u>, warnings, therefore, defendant did not know he could have counsel present.

d. Defendant has requested copies of the transcripts, and all discovery in this case nad has not received it, and is in no position to properly litigate this case to file his PCRA, to object to Counsel's no merit letter, this Court's Notice of Intent to Dismiss, or to properly file, this. Statement of Errors Complained on Appeal, or the Brief for Appellant in the Superior Court.

Statement of Errors Complained of on Appeal, 7/6/15, at ¶ 11.

On appeal, Appellant raises the following single issue for our review, which we set forth *verbatim*:

DID THE PCRA COURT ERR WHEN IT RULED THAT THERE IS NO MERIT TO APPELLANT'S ISSUE THAT HE REQUIRES COPIES OF TRANSCRIPTS AND ALL DISCOVERY MATERIALS IN THIS CASE IS IN NO POSITION TO PROPERLY LITIGATE THIS CASE TO FILE HIS PCRA, TO OBJECT TO COUNSEL'S NO MERIT LETTER, THE COURT'S NOTICE OF INTENT TO DISMISS, OR TO PROPERLY FILE, HIS STATEMENT OF ERRORS COMPLAINED OF ON APPEAL, OR THE BRIEF FOR APPELLANT IN THE SUPERIOR COURT?

Appellant's Brief at 3.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. *Id*. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id*. This Court may affirm a PCRA court's decision on any grounds if the record supports it. *Id*. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions. *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 442 (2011); *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (2007). Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. *Commonwealth v. Colavita*, 606 Pa. 1, 993 A.2d 874, 886 (2010).

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

We first note that our Supreme Court "rebuked this Court for *sua sponte* addressing the propriety of a *Turner*/*Finley* no-merit letter where that specific issue was not raised on appeal . . . ." *Ford*, 44 A.3d at 1197. Because Appellant fails to raise the propriety of the PCRA court's grant of counsel's petition to withdraw, that issue is not before us. *Commonwealth v. Pitts*, 981 A.2d 875, 889 n.4 (Pa. 2009). We also observe that Appellant has abandoned the first three issues identified in his Pa.R.A.P. 1925(b) statement. Thus, those issues are waived and likewise, are not before us. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

Therefore, the only issue preserved for review is Appellant's claim that he did not receive transcripts and was thus incapable of pursuing his appeal.[3]

Like the PCRA court, we conclude that Appellant is not entitled to relief. The PCRA court stated that Appellant was represented by counsel at every stage of the proceedings through the filing of his PCRA petition. PCRA Court Opinion, 9/9/15, at 2. Attached to counsel's *Turner*/*Finley* no-merit letter at Exhibit A are the notes of testimony from the guilty plea colloquy on November 20, 2012.[4] Appellant avers that he asked PCRA counsel for the relevant transcripts, without offering any representation when such request was made, but he did not receive them. Appellant's Brief at 6. However, he does not assert PCRA counsel's ineffectiveness for failure to provide him with the notes of testimony. "[W]hen counsel files a *Turner*/*Finley* no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent

_____

[3] While Appellant also referenced his failure to receive discovery materials, Appellant's Brief at 6, Appellant failed to develop the claim in his brief. *Commonwealth v. Spotz*, 18 A.3d 244, 282 (Pa. 2011). Thus, despite his bald assertion that he was entitled to receive them, Appellant fails to argue the issue with any particularity. Therefore, this claim also is waived. *Id*.

[4] Thus, in light of the existence of the guilty plea transcript, it is curious that the PCRA court ordered the transcription of the notes of testimony for that hearing on May 19, 2015.

to dismiss." **Ford**, 44 A.3d at 1198.[5]  This claim, which is more akin to a motion for relief, does not present a preserved issue for review in this appeal.

Order affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/26/2016

_____

[5]  Because the PCRA court allowed counsel to withdraw when it issued its notice of intent to dismiss, Order, 3/27/15, at 1, 2–3, there is no potential issue regarding hybrid representation.  **Ford**, 44 A.3d at 1198 n.4.